## Leatherbury v. White

*M. J. Winokur*, for plaintiffs.

*Detweiler & Ambler*, for defendants.

OLIVER, P. J., April 6, 1956.—This case is before us on plaintiffs' petition to amend their complaint in trespass. We have decided to deny plaintiffs' prayer.

Defendant, General Auto Rental Company, opposes the petition on the ground that the proposed amended complaint states a new cause of action which is barred by the statute of limitations.

On April 20, 1954, plaintiffs filed a complaint in trespass alleging, in effect, that as passengers in an automobile driven by defendant, Louis White, they suffered injuries because of the negligent operation of that automobile. In addition, the complaint stated that defendant, Louis White, was the agent, servant and employe of the other defendant, General Auto Rental Company, acting within the scope of his authority and in furtherance of the business of the General Auto Rental Company.

On May 5, 1954, defendant, General Auto Rental Company, filed an answer denying any relationship between it and defendant, Louis White, that would make it vicariously liable for the negligence of the driver of the automobile.

On February 1, 1956, more than two years after the date of the accident, plaintiffs obtained a rule to show cause why they should not be permitted to amend their complaint.

The proposed amended complaint asserts in effect that defendant, General Auto Rental Company, is liable for plaintiffs' injuries because it knowingly and negligently permitted a nonlicensed driver to operate one of its vehicles. The allegation that Louis White was the agent, servant and employe of General Auto Rental Company is omitted.

Clearly, the amended complaint states a new cause of action and does not merely amplify the original cause of action. It is obvious from a reading of both that the original complaint was based upon a theory of vicarious negligence, and the amended complaint is based upon a theory of direct negligence. Since the statute of limitations has run, plaintiffs will not be

permitted to amend their complaint and thereby assert a new cause of action.

". . . It is elementary that after the Statute of Limitations has run a plaintiff cannot amend his statement by introducing a new cause of action: Mays v. United Natural Gas Co., 268 Pa. 325": Shenandoah Borough v. Philadelphia, 367 Pa. 180, 192.

*Order*

And now, to wit, April 6, 1956, rule discharged; plaintiffs' petition to amend complaint in trespass denied.